UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMI B. TODD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security of the<br>United States of America,<br><br>　　　　Defendant. | Case No: C 10-1381 SBA<br><br>**ORDER**<br><br>Docket 15 |

Plaintiff Jami B. Todd ("Plaintiff") filed the instant action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"). Compl., Dkt. 1. Plaintiff alleges that she was improperly denied Supplemental Security Income ("SSI") benefits by the Administrative Law Judge ("ALJ") reviewing her application for benefits. Id.

The parties are presently before the Court on Plaintiff's motion to remand under sentence six of 42 U.S.C. § 405(g) or, alternatively, for a revised summary judgment briefing schedule. Dkt. 15. The Commissioner opposes the motion to remand, but does not oppose the request for a revised summary judgment briefing schedule. Dkt. 16. Having read and considered the papers submitted in connection with these matters, and having reviewed the record, the Court hereby DENIES Plaintiff's motion to remand, and GRANTS Plaintiff's request for a revised summary judgment briefing schedule.

**I.　DISCUSSION**

　　**A.　Motion to Remand Under Sentence Six**

Sentence six of 42 U.S.C. § 405(g) provides, in relevant part, that "the court may . . . at any time order additional evidence to be taken before the Commissioner of Social

Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ."  See also Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) "Sentence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."  Id. (citation omitted).

New evidence is material if it bears directly and substantially on the matter in dispute, and if there is a reasonable possibility that the new evidence would have changed the outcome of the determination.  Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001) To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier.  Mayes v. Massanari, 276 F.3d 453, 463 (9th Cir. 2001).

In the instant motion, Plaintiff requests remand under sentence six so that the Commissioner can refile a full and complete administrative record.  Pl.'s Mtn. at 3. According to Plaintiff, the administrative record is incomplete because material evidence has been inadvertently omitted.  Id. at 1.  Specifically, Plaintiff claims that the administrative record does not contain two documents the ALJ admitted in the "E-section of the record" concerning: (1) "Plaintiff's state issued identification card and/or treating physician's medical marijuana recommendation"; and (2) "Plaintiff's service dog."  Id. at 3; Pl.'s Reply at 7.  Plaintiff contends that remand is warranted because these documents were not considered by the Appeals Council.  Pl.'s Mtn. at 3.

In response, the Commissioner argues that Plaintiff's motion should be denied because the documents are not "new" evidence since they were presented to the ALJ, and because Plaintiff has not demonstrated that the evidence is "material"; specifically, she has not shown that there is a "reasonable possibility" that the new evidence would have changed the outcome of the administrative result.  Def.'s Opp. at 2.  In support of his position, the Commissioner notes that the ALJ's decision "expressly addressed Plaintiff's service dog and medical marijuana use[], as well as Plaintiff's allegations that she used these modalities to treat her symptoms."  Id. (citing Administrative Record ("AR") at 11,

13, 16). The Commissioner further notes that "[t]he medical, testimonial and lay evidence also discussed Plaintiff's marijuana use and her dog." Id. (citing AR at 25, 27-28, 31-32, 117, 124, 251, 309, 312.)

The Court finds that Plaintiff has failed to establish that remand under sentence six is appropriate. A review of the record reveals that the ALJ admitted the documents in question into the record as exhibits. AR at 22-23. A review of the record also reveals that the ALJ considered Plaintiff's marijuana use and the fact that she cares for a service dog in reaching his decision. See id. at 11, 13. The ALJ's decision specifically states that Plaintiff "has had a medical marijuana card for ten to fifteen years," and that she "smokes marijuana once or twice a day when she begins to feel an impending anxiety attack." Id. at 13. The ALJ's decision also notes that: "In activities of daily living, the [Plaintiff] has mild restriction. For example, she testified that she cares for a service dog." Id. at 11.

On December 30, 2009, Plaintiff filed a request for review, requesting that the Appeals Council review the ALJ's decision because "[t]he ALJ did not give proper weight to [her] treating doctor's opinions." AR at 4. Though she was provided the opportunity to submit additional evidence with her request for review, she failed to do so.[1] See id. On January 29, 2010, the Appeals Council denied Plaintiff's request for review, stating that "we considered the reasons you disagree with the decision" and "found that this information does not provide a basis for changing the [ALJ's] decision." Id. at 1-2.

Plaintiff, for her part, failed to cite authority establishing that the documents in question are "new" evidence. Nor has Plaintiff shown good cause for failing to present the documents to the Appeals Council. The regulations provide that a claimant may submit documents or other evidence with the request for review which the claimant would like the Appeals Council to consider. See 20 CFR § 404.968; see also 20 C.F.R. § 404.976(b) ("The Appeals Council will consider all the evidence in the administrative law judge

---

[1] The request for review form submitted by Plaintiff states that she may submit additional evidence with her request for review or request an extension of time to do so. AR at 4.

hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision."). The regulations also provide that the Appeals Council is required to evaluate the entire record and "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Plaintiff's failure to submit the documents to the Appeals Council as part of her request for review of the ALJ's decision undercuts her claim that this evidence is material to a disability determination.

In addition, Plaintiff has not shown that there is a "reasonable possibility" that the documents would have changed the outcome of the administrative result. Notably absent from Plaintiff's moving papers and reply brief is a discussion of the content of the documents and specific argument demonstrating that there is a "reasonable possibility" that the documents would have changed the outcome of the Appeals Council's decision. Indeed, Plaintiff did not submit copies of the documents or specifically describe the contents of the documents in her briefing. Accordingly, Plaintiff's motion to remand under sentence six of 42 U.S.C. § 405(g) is DENIED.

Finally, the Court notes that Plaintiff has filed a one-paragraph document entitled "Supplement to Administrative Record: SSA Finding of Disability on Subsequent Application By Plaintiff," requesting that the Court consider a letter written by the Social Security Administration dated December 10, 2010. Dkt. 18. According to Plaintiff, the letter[2] indicates a finding of disability in favor of Plaintiff, and therefore "may be relevant to the Court's consideration of the matter." Id. As such, Plaintiff provided the Court a copy "to supplement the administrative record herein." Id. The Court finds that Plaintiff has failed to demonstrate that supplementation of the administrative record is appropriate. Further, to the extent Plaintiff contends that this letter, which is dated over a year after the

---

[2] As pointed out by the Commissioner, Plaintiff has only submitted two pages of this four-page letter. Dkt. 20-1.

ALJ issued his decision and more than ten months after the Appeals Council issued its decision, constitutes new evidence warranting remand under sentence six, the Court rejects this contention.  Plaintiff has not provided authority and legal analysis establishing that remand for consideration of this letter is warranted.

### B.     Request for Revised Briefing Schedule

In the alternative, Plaintiff requests that the Court issue a revised summary judgment briefing schedule.  Plaintiff's unopposed request is GRANTED.  The parties shall comply with the briefing schedule set forth below.

## II.     CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.     Plaintiff's motion to remand under sentence six of 42 U.S.C. § 405(g) is DENIED.

2.     Plaintiff's request for a revised summary judgment briefing schedule is GRANTED.  Plaintiff shall serve and file a motion for summary judgment within thirty (30) days from the date this Order is entered.  The Commissioner shall serve and file any opposition or counter-motion within (30) days of service of Plaintiff's motion.  Plaintiff may serve and file a reply within fourteen (14) days of service of the Commissioner's opposition or counter-motion.  Unless the Court orders otherwise, the matter will be deemed submitted for decision without oral argument upon the conclusion of the briefing schedule.

3.     This Order terminates Docket 15.

IT IS SO ORDERED.

Dated:  September 28, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge